# IN THE DISTRICT COURT OF THE UNITED STATES
# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| **DeWayne Alphonza El-Bey,** ) | **Case No. 2:16-cv-3239-RMG-MGB** |
| ) | |
| **Plaintiff,** ) | |
| **v.** ) | |
| ) | **REPORT AND RECOMMENDATION** |
| **Frederick Reed Hoose, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| _____ ) | |

DeWayne Alphonza El-Bey ("Plaintiff") filed this civil action pursuant to 42 U.S.C. § 1983. (DE #1, Complaint, filed September 26, 2016). Plaintiff (non-prisoner) is proceeding *pro se* and *in forma pauperis*. This Court issued a second Proper Form Order on October 17, 2016, giving Plaintiff twenty-one (21) days, plus three (3) days for mail time, from the date of entry of the Order to bring this case into proper form, pursuant to General Order, Case No. 3:07-mc-5015-JFA (D.S.C. Sept. 18, 2007) *In Re: Procedures in Civil Actions Filed by Non-Prisoner Pro Se Litigants*. (DE# 7).[1] Plaintiff has failed to bring this case into proper form, and the time for doing so has expired.

The Clerk of Court mailed a copy of the Order of October 17, 2016 to Plaintiff at his last known address of record, i.e. 1953 Jacksonville Road, North Charleston, SC 29405. The mail in which the Order was sent to Plaintiff's address was not returned. The Order of October 17, 2016 warned Plaintiff that his failure to provide the necessary items within the timetable set forth in the Order would subject this case to dismissal. Plaintiff has failed to respond to the Order of October 17, 2016 within the time permitted under the Order. The mail in which the Order was sent to Plaintiff was not returned.  Plaintiff's lack of response to the Order of October 17, 2016 indicates

---

[1] The second Proper Form Order in this case was issued on October 17, 2016, which is after the time period for any delay due to Hurricane Matthew (October 5-14, 2016).

an intent to discontinue prosecuting this case and subjects the case to dismissal. Plaintiff has failed to respond to the Order of October 17, 2016 in a timely manner. Plaintiff has failed to prosecute this case and failed to comply with the Court's Order, and therefore, this case is subject to dismissal pursuant to Rule 41 of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-36 (1962).

Accordingly, the Magistrate Judge recommends that this case be **dismissed without prejudice** pursuant to Rule 41 of the Federal Rules of Civil Procedure.

**IT IS SO RECOMMENDED.**

November 16, 2016
Charleston, South Carolina

_____
MARY GORDON BAKER
UNITED STATES MAGISTRATE JUDGE

**The Plaintiffs' attention is directed to the Important Notice on the next page:**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> **Robin L. Blume, Clerk**
> **United States District Court**
> **Post Office Box 835**
> **Charleston, South Carolina 29402**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).